AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DONTAVIOUS MINGEL BLAKE, and<br>TARA JO MOORE<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 13-8082-DLB<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 2011 to December 2011__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1591(a)(1) | Sex Trafficking of Children |
| 18 U.S.C. Section 2422(b) & 371 | Inducing a Minor to Engage in Commercial Sex Act<br>and Conspiring to Induce a Minor to Engage in Commercial Sex Act |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Christina J. Pryor
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/19/2013

_____
*Judge's signature*

City and state:  West Palm Beach, Florida

U.S. Magistrate Judge Dave Lee Brannon
*Printed name and title*

# **AFFIDAVIT**

Your affiant, Christina J. Pryor, being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for the past three and a half years. I am currently assigned to PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency, Miami Division. Among my responsibilities as a Special Agent are investigating crimes against children, particularly offenses involving child pornography and the exploitation of children to include child prostitution.

2. The facts set forth in this affidavit are based in part on my personal knowledge, information obtained throughout this investigation by others, including other law enforcement officers, and information gained from my training and experience. I am familiar with the facts and circumstances of this investigation. I have received training in the area of child prostitution and child exploitation through the FBI.

3. I am investigating the activities of DONTAVIOUS MINGEL BLAKE, date of birth XX-XX- 1981 and TARA JO MOORE, date of birth XX-XX- 1987. (For purposes of this affidavit, the month and day of dates of birth have been redacted.) As will be shown below, there is probable cause to believe that BLAKE and MOORE conspired to and knowingly persuaded, induced, enticed, or coerced an individual who has not yet attained the age of 18 years to engage in prostitution or any sexual activity for which a person can be charged with a criminal offense . I am submitting this affidavit in support of a criminal complaint charging DONTAVIOUS MINGEL BLAKE and TARA JO MOORE with violations of 18 U.S.C. §§ 371, 1591(a) and 2422(b)

4.     The statements in this Affidavit are based in part on information provided to me by other law enforcement officers and on my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that DONTAVIOUS MINGEL BLAKE and TARA JO MOORE committed violations of Title 18, United States Code, §§ 371, 1591(a), and 2422(b).

## STATUTORY AUTHORITY

5.     This investigation concerns alleged violations of Title 18, United States Code, §§ 371 and 2422(b). Section 371 states, in part, "If two or more persons conspire to either commit any offense against the United States, or any agency thereof in any manner and in any purpose, and or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned..." Section 1591(a) provides, "Whoever knowingly in or affecting interstate or foreign commerce...recruits, entices, harbors, transports, provides, obtains, or maintains, by any means a person or benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in paragraph (1)... knowing or in reckless disregard of the fact...that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." 1591(b) states, "the punishment for an offense under subsection (a)... [is] a fine under this title and imprisonment for not less than 10 years or for life." Section 2422(b) establishes that, "Whoever using the mail, or any facility or means of interstate or foreign commerce... knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do, shall be fined under this title and

imprisoned not less than 10 years or for life."

## BASIS FOR FACTS
## CONTAINED IN THIS AFFIDAVIT

6. I have learned through my training, experience, and contact with other trained law enforcement officers that prostitution has generally moved to escort based services, because of law enforcement pressure being placed on prostitutes who work on the streets in view of the public. This escort based service primarily works by way of telephone or the use of the internet. This underground movement, along with the use of the internet, including e-mail services and online classified services, enables those individuals, commonly referred to as "pimps" (for whom prostitutes work), to keep prostitutes off the streets, giving the appearance that there is less prostitution, in an attempt to avoid law enforcement detection.

7. Often, pimps set a monetary quota for prostitutes to meet per day. Based on source information and information provided to me by other trained law enforcement officers, a pimp can easily generate up to $1,000.00 a day with one prostitute. Therefore, to continue to make money and avoid law enforcement detection, the majority of pimps transport their prostitutes from one location to another. Further, when any given location becomes too visible to law enforcement (i.e. "hot"), or fails to generate enough money, or a large public gathering is to take place in a certain city, such as major sporting events, pimps transport their prostitutes from one state to another to make their money. Prostitutes frequently work defined areas on the street known as "tracks," and/or serve as escorts through escort services. The escort services frequently advertise on web pages and in the print media. Escort services frequently are fronts for prostitution. Pimps and prostitutes frequently use the internet, in addition to cellular phones, to communicate, coordinate dates and keep the pimps informed regarding the prostitutes availability. It is my experience that pimps and prostitutes frequently change e-mail accounts or

use fictitious names to avoid detection.

## INVESTIGATIVE FINDINGS

8. In July 2012, the National Center for Missing and Exploited Children (NCMEC) forwarded a Cyberline Tip Report to agents identifying a Backpage ad depicting an unknown white female, utilizing telephone number 305-900-9369. The ad was reported to Backpage.com as depicting a minor or child under the age of eighteen. NCMEC identified an Internet Protocol (I.P.) address and email address associated with the ad. The email address, snowbunny561@hotmail.com, was queried against social networking sites such as Facebook and Myspace by NCMEC. A Facebook account belonging to TARA MOORE, West Palm Beach, Florida was located. Further, a Myspace account was located associated with DONTAVIOUS BLAKE.

9. In August 2012, agents interviewed juvenile T.H., date of birth, XX-XX-1995, in a separate investigation relating to the production of child pornography. During the course of the interview, T.H. revealed that she first engaged in prostitution at the age of 15 during the summer of 2011. T.H. had approximately 10-15 regular clients or "johns" and worked in hotels in the Palm Beach County area. During that time, T.H. worked for a pimp only known to her by the nickname of "D." "D" was described as a black male, with a muscular build and no facial hair, who drove a gray Dodge Charger. "D's" girlfriend was a white female T.H. knew as TARA LAST NAME UNKNOWN (LNU). TARA LNU answered phones and calls for "D" relating to prostitution and escort calls. "D" worked approximately 4-5 girls out of hotels in the Palm Beach County area. T.H. and a friend, not further identified, also a juvenile, worked for "D" during the same time period. T.H. would keep a portion of the proceeds from the calls or "dates" and a portion of the proceeds were paid to "D." T.H. last saw "D" in the winter of 2012 in the

Westgate area driving the gray Dodge Charger. "D" was believed to live in the Westgate area in a duplex and had a laptop computer in the home. T.H. saw photographs of herself in online escort ads believed to have been posted by "D" at a time when T.H. no longer worked for him. T.H. also reviewed current online escort ads and identified an escort ad with a white female advertising under the name "Jemma" as a girl who worked for "D."

10. In September 2012, a cooperating defendant (CD) was interviewed. The CD reported that "DEE" LNU was a pimp operating in the Palm Beach County area. "DEE" LNU was described as a black male who drives a gray Dodge Charger. The CD contacted T.H. through an ad that was posted on an online escort service to engage in sexual activity. Thereafter, T.H. revealed that she worked for "DEE" LNU and would split money proceeds from her date with "DEE" LNU. The CD advised that "DEE LNU's" cellular telephone number could be found in the CD's cellular phone contacts list. BRITTNEY LNU, approximately twenty years old, also worked for "DEE" LNU and went on calls with T.H. At a point in time when T.H. was no longer working for "DEE" LNU, the CD discovered online ads using T.H.'s photographs. The CD contacted "DEE" LNU telling him to stop using T.H.'s photos. The CD reported that L.P. was another girl working for "DEE" LNU who was approximately one year older than T.H. L.P.'s telephone number was believed to be in the CD's cellular phone contact list, and L.P. was still believed to be working for "DEE" LNU. In a later interview in October 2012, the CD identified telephone number (561)727-7483 as belong to "DEE" LNU.

11. On September 25, 2012, agents and law enforcement conducted an undercover operation at a hotel in West Palm Beach. During the course of the investigation, an undercover employee (UCE) contacted an online escort ad and had phone conversations with a female and male to negotiate the price for an "outcall" at the hotel. Thereafter, a white female posting under

the name "JEMMA" arrived at the hotel and engaged in conversation and negotiated the price for sex acts with the UCE. Thereafter, the female, an adult, C.F., was interviewed by agents. C.F. reported that she had ads posted online for escort services under the name "JEMMA." C.F. reported that "DANTE" LNU was her driver to and from the call. "DANTE" LNU was described as a black male, approximately 29-30 years old. C.F. was introduced to "DANTE" LNU by a friend of hers, RACHEL LNU.  C.F. paid a portion of the proceeds from her escorting to "DANTE" LNU.  "DANTE" LNU was married to a white female, TARA LNU and drove a dark gray vehicle.  "DANTE" LNU's phone number was 561-727-7483 and "DANTE" LNU was to return to the hotel to pick up C.F. at the conclusion of the "date."

12. During the evening of September 25, 2012 and the early morning of September 26, 2012, a dark gray Dodge Charger was seen arriving at the gas station directly adjacent to the hotel where the undercover operation was occurring. Agents and law enforcement stopped the vehicle and subsequently identified the driver as DONTAVIOUS MINGEL BLAKE, date of birth XX-XX-1981. BLAKE was then interviewed by agents. BLAKE reported that his wife or girlfriend TARA MOORE received a call from C.F. stating that she (C.F.) needed a ride to the hotel.  A business card for "Divine Escorts" was located in BLAKE's wallet and contained BLAKE's cellular telephone number and the email associated with TARA MOORE.  BLAKE advised he had no girls working for him and no girls posting on online escort pages.

13. C.F. gave written consent for agents to search her cellular telephones to include a Metro PCS Huawei and a Metro PCS Kyocera. A search of the Metro PCS Huawei telephone revealed a contact for "DEE" listing telephone number 561-727-7483. On September 25, 2012 at 3:12 P.M., C.F. received an incoming text from "DEE" saying, "No calls yet." C.F. replied, "People calling but Bullshit." "DEE" responded saying, "K I going to get u sum calls." At 7:22

P.M. C.F. received an incoming text from "DEE" saying, "U gotta outcall be ready by 900 k."

14. A subpoena was issued to Backpage.com for a particular ad that C.F. identified as belonging to BLAKE to include all other ads posted by the same user or users and any ads utilizing the email address associated with TARA MOORE. In response to the subpoena, Backpage provided records showing that the name associated with the ads was DONTAVIOUS BLAKE, West Palm Beach, Florida with an additional phone number and the email address determined to belong to TARA MOORE.

15. Juvenile T.H. was interviewed again and was shown a Florida Driver and Vehicle Identification Database (D.A.V.I.D.) photograph of DONTAVIOUS MINGEL BLAKE, date of birth XX-XX-1981. T.H. identified BLAKE as the pimp she knew as "D" for whom she worked in 2011 while she was fifteen-sixteen years old. T.H. reported that she met BLAKE after finding a business card belonging to him advertising escort services. T.H. contacted BLAKE and met him at the Holiday Inn located off I-95 and Belvedere Road. BLAKE explained his business to T.H. T.H. then sent pictures of herself to BLAKE, and BLAKE used the photographs to create online escort ads using Backpage.com. BLAKE would list a phone number in the ad that belonged to or was in his control. MOORE would then answer the calls from the clients or "johns." Once a negotiated price had been agreed upon, BLAKE would contact T.H. and arrange to pick her up and drive her to the hotel or location of the date in his vehicle, the gray Dodge Charger or a green Cadillac. BLAKE would reserve the hotel rooms for the dates and used hotels to include the Best Western on Palm Beach Lakes, the La Quinta Inn, the Holiday Inn, and the Red Roof Inn on 45th Street. At the conclusion of the date, T.H. paid a portion of the proceeds to BLAKE including payment for a portion of the hotel room. T.H. was shown ads from Backpage.com associated with BLAKE and MOORE and identified herself in a

photograph. T.H. was also shown a D.A.V.I.D. photograph of TARA JO MOORE, date of birth XX-XX-1987. T.H. identified MOORE as the girlfriend or wife of BLAKE, known to her as "TARA."

## CONCLUSION

13.     Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that DONTAVIOUS MINGEL BLAKE and TARA JO MOORE have committed acts constituting violations of 18 U.S.C. §§ 371, 1591(a) and 2422(b). Your Affiant, therefore, respectfully requests that criminal complaints be issued charging BLAKE and MOORE with violations of 18 U.S.C. § § 371, 1591(a), and 2422(b).

Christina J. Pryor
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me
this 19th day of February 2013.

DAVE LEE BRANNON
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-8082-DLB

UNITED STATES OF AMERICA

vs.

**DONTAVIOUS MINGEL BLAKE and
TARA JO MOORE,**

        **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __x__ No

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY:    LOTHROP MORRIS
       ASSISTANT UNITED STATES ATTORNEY
       Florida Bar No. 095044
       500 Australian Avenue, Suite 400
       West Palm Beach, FL 33401
       (561) 820-8711
       (561) 820-8777 (FAX)
       LOTHROP.MORRIS@USDOJ.GOV